

Service of Process Transmittal Form
Plantation, Florida

01/23/2003

Via Federal Express (2nd Day)

TO: H. Douglas Kitts Attorney
Sea Ray Boats, Inc.
2600 Sea Ray Boulevard
Knoxville, TN 37914

RE: **PROCESS SERVED IN FLORIDA**

FOR SEA RAY BOATS, INC. Domestic State: Fl

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Matt Malkamaki, Pltf. vs Sea Ray Boats, Inc., et al, Dfts. |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint, Exhibits |
| 3. COURT: | Cuyahoga County Court of Common Pleas, OH<br>Case Number CVC3491288 |
| 4. NATURE OF ACTION: | Failure to comply with express written and implied warranties and service contract in connection with the purchase of certain 2001 Sea Ray 5400A boat, etc. |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Plantation, Florida |
| 6. DATE AND HOUR OF SERVICE: | By Certified mail on 01/23/2003 with Postmarked Date 01/17/2003 |
| 7. APPEARANCE OR ANSWER DUE: | Within 28 days |
| 8. ATTORNEY(S): | Timothy P. Cannon<br>(440) 357-5537<br>41 E. Erie Street<br>Painesville, OH 44077 |
| 9. REMARKS: | Trial by jury demanded.<br>i-Note sent 01/23/2003 to EDRETZKA@BRUNSWICK.COMi-Note sent 01/23/2003 to DKITTS@SEARAY.COM |

CC: Edna Dretzka Paralegal
Brunswick Corporation
1 N Field Court
Lake Forest, IL 60045-4811

SIGNED CT Corporation System
PER Anne Boutiller /DM
ADDRESS 1200 South Pine Island Road
Plantation, FL 33324
SOP WS 0005087980

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

CLEVELAND, OHIO 44113

CASE NO. CV03491288 D1 CM

SUMMONS NO. 3380415

Rule 4 (B) Ohio Rules of Civil Procedure

# SUMMONS

MATT MALKAMAKI PLAINTIFF
VS
SEA RAY BOATS, INC. ETAL DEFENDANT

SEA RAY BOATS INC
* CT CORPORATION SYSTEM -STATUTORY AGENT
1200 SOUTH PINE ISLAND RD
FORT LAUDERDALE FL 33324-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Said answer is required to be served on:

Plaintiff's Attorney

TIMOTHY P CANNON
41 EAST ERIE ST.
PAINESVILLE, OH 44077-0000

Case has been assigned to Judge:

JOSEPH D RUSSO
Do not contact judge. Judge's name is given for reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

DATE
Jan 14, 2003

By 
Deputy

COMPLAINT FILED 01/14/2003

SEA RAY BOATS INC
1200 SOUTH PINE ISLAND RD
1200 SOUTH PINE ISLAND RD
FORT LAUDERDALE FL 33324-0000

CMSN130

IN THE COURT OF COMMON PLEAS

CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MATT MALKAMAKI<br>9411 Headlands Road<br>Mentor, OH 44060<br><br>Plaintiff,<br><br>-vs-<br><br>SEA RAY BOATS, INC.<br>C/o Statutory Agent,<br>CT Corporation System<br>1200 South Pine Island Rd.<br>Plantation, FL 33324<br><br>and<br><br>SEA RAY OF KNOXVILLE, LLC<br>C/o Statutory Agent,<br>Sharon Lee Marcum<br>9909 Kingston Pike<br>Knoxville, TN 37922<br><br>and<br><br>MARINEMAX OF OHIO, INC.<br>Fka MARINEMAX OF TREASURE COVE, INC.<br>C/O Statutory Agent<br>Csc-Lawyers Incorporating Service<br>50 W. Broad St.<br>Columbus, Ohio 43215<br><br>and<br><br>MARINEMAX SERVICES, INC.<br>C/O Statutory Agent<br>Csc-Lawyers Incorporating Service<br>50 W. Broad St.<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

CANNON, STERN, AVENI & LOIACONO CO. L.P.A.
Milburn Building, 41 E. Erie Street, Painesville, OH 44077-3983
TELEPHONE (440) 357-5337 or (440) 942-5232
FACSIMILE (440) 357-9234

CANNON, STERN, AVENI & LOIACONO CO., L.P.A.
Milburn Building, 41 E. Erie Street, Painesville, OH 44077-3983
TELEPHONE (440) 357-5337 or (440) 942-5232
FACSIMILE (440) 357-9234

and )
)
JOHN DOE, INC. )
Address unknown, )
)
Defendants )

Now comes Plaintiff, Matt Malkamaki, by and through counsel, and for his Complaint against Defendants, states as follows:

## BACKGROUND

1) Plaintiff, Matt Malkamaki, is an adult individual citizen and legal resident of the State of Ohio, residing at 9411 Headlands Road, Mentor, Ohio 44060.

2) Defendants, Sea Ray Boats, Inc., a Florida Corporation and Sea Ray of Knoxville, LLC a Tennessee Corporation, are qualified to and regularly do conduct business in the State of Ohio by and through their agent and/or authorized dealer, Marinemax of Ohio, Inc.

3) Defendants, Marinemax of Ohio, Inc., fka Marinemax of Treasure Cove, Inc., and Marinemax Services Inc., are Ohio Corporations qualified to do and regularly conducting business in the State of Ohio.

4) On or about August 28, 2001, Plaintiff purchased at 2001 Sea Ray 5400A boat manufactured and warranted by Defendants, bearing Boat Serial No. SERY0804J001540DA325. (A copy of said purchase agreement is attached hereto as Plaintiff's "Exhibit A" and fully incorporated herein).

5) The boat was purchased in the State of Ohio and is registered in Ohio.

CANNON, STERN, AVENI & LOIACONO CO., L.P.A.
Milburn Building, 41 E. Erie Street, Painesville, OH 44077-3983
TELEPHONE (440) 357-5337 or (440) 942-5232
FACSIMILE (440) 357-9234

6) The price of the boat, including registration charges, document fees and sales tax, but excluding finance charges, bank charges and other collateral charges not specified, yet defined and included under R.C. §1345.71 et seq. was approximately $840,000.00.

7) Plaintiff states that as a result of the ineffective reasonable opportunity to care/repair made by Defendants, through the authorized dealer(s), the boat cannot be utilized for the purposes intended by Plaintiff at the time of acquisition and hence, the boat is worthless and/or substantially impaired.

8) In consideration for the purchase of the above boat, Defendants issued to Plaintiff several written warranties, including a two (2) year MaxCare warranty (Referenced in Plaintiff's attached "Exhibit A" under dealer-installed options).

9) Plaintiff notified Defendants and/or the authorized dealer(s) on one or more occasions, and/or formally notified Defendants by letter of Plaintiff's present intention to revoke acceptance of the boat and requested the return of all funds paid towards the boat.

## COUNT I

## MAGNUSON-MOSS FEDERAL TRADE COMMISSION ACT AS TO BOTH DEFENDANTS

10) Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

11) Plaintiff is a "Consumer" as defined by U.S.C. §2301(3).

12) Defendants are "Suppliers" and "Warrantors" as defined by 15 U.S.C. §2301(4) & (5).

13) The boat is a "Consumer Product" as defined by 15 U.S.C. §2301(1).

14) One or more of the warranties given to Plaintiff by Defendants was a "Written Warranty" as defined by 15 U.S.C. §2301(6).

15) Plaintiff purchased a "service contract" as defined by 15 U.S.C. §2301(8).

16) Defendants have been unable, unwilling and/or has refused to conform the boat to the written warranty and/or service contract by repairing one or more nonconformities within a reasonable number of attempts or a reasonable amount of time.

17) Plaintiff states that Defendants have been afforded a reasonable opportunity to cure the boat's nonconformities pursuant to 15 U.S.C. §2310(e).

18) Section 15 U.S.C. §2310(d)(1) provides:

> Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief...

19) As a direct and proximate result of Defendants failure to comply with Defendants' express written and implied warranties and service contract, Plaintiff has and continues to suffer damages.

20) If Defendants maintain a qualified Informal Dispute Resolution Mechanism, Plaintiff has resorted to it at least forty (40) days prior to filing this Complaint and/or has pursued that process to its completion, as required by 15 U.S.C. §2310(a) and rules promulgated thereunder.

21) Pursuant to 15 U.S.C. §2310(d)(2), Plaintiff seeks all costs, including attorney fees and expert witness fees.

CANNON, STERN, AVENI & LOIACONO CO., L.P.A.
Milburn Building, 41 E. Erie Street, Painesville, OH 44077-3983
TELEPHONE (440) 357-5537 or (440) 942-5232
FACSIMILE (440) 357-9234

CANNON, STERN, AVENI & LOIACONO CO., L.P.A.
Milburn Building, 41 E. Erie Street, Painesville, OH 44077-3983
TELEPHONE (440) 357-5337 or (440) 942-5232
FACSIMILE (440) 357-9234

## COUNT TWO

## OHIO UNIFORM COMMERCIAL CODE
## AS TO BOTH DEFENDANTS

22) Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

23) The defects and nonconformities exhibited by the boat constitute a breach of contractual and statutory obligations of Defendants, including, but not limited to, the following:

a) Express Warranty
b) Implied Warranty of Merchantability; and
c) Implied Warranty of Fitness for a Particular Purpose.

24) At the time of delivery of the boat to Plaintiff and at all times subsequent thereto, Plaintiff has justifiably relied on Defendants express and implied warranties, obligations and representations with regard to the boat.

25) At the time of delivery of the boat and at all times subsequent thereto, Defendants were aware that Plaintiff was relying on Defendants' express and implied warranties, obligations and representations with regard to the boat.

26) Plaintiff has incurred damage as a direct and proximate result of Defendants breach and failure to honor its express and implied warranties, obligations and representations with regard to the boat.

27) Plaintiff has incurred damage as a direct and proximate result of the failure of essential purpose of Defendants express and implied warranties, obligations and representations with regard to the boat.

CANNON, STERN, AVENI & LOIACONO CO., L.P.A.
Milburn Building, 41 E. Erie Street, Painesville, OH 44077-3983
TELEPHONE (440) 357-5537 or (440) 942-5232
FACSIMILE (440) 357-9234

## COUNT THREE

## IMPLIED WARRANTY IN TORT AS TO BOTH DEFENDANTS

28) Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

29) The defects and nonconformities exhibited by the boat constitute a breach of contractual and statutory and/or common law obligations of Defendants, including, but not limited to the following:

a) Implied Warranty of Merchantability sounding in Tort; and
b) Implied Warranty of Fitness for a Particular Purpose sounding in Tort.

30) At the time of delivery of the boat to Plaintiff and at all times subsequent thereto, Plaintiff has justifiably relied on Defendants' implied warranties, obligations and representations with regard to the boat.

31) At the time of delivery of the boat and at all times subsequent thereto, Defendants were aware that Plaintiff was relying on Defendants implied warranties, obligations and representations with regard to the boat.

32) Plaintiff has incurred damage as a direct and proximate result of Defendants breach and failure to honor its implied warranties, obligations and representations with regard to the boat.

## COUNT IV

## OHIO CONSUMER SALES PRACTICES ACT AS TO BOTH DEFENDANTS

33) Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

34) Section 1345.01 et seq. is commonly known as, and will hereinafter be referred to as, the "Ohio Consumer Sales Practices Act" or "CSPA."

35) Plaintiff is a "Person" as defined by R.C. §1345.01(B).

36) Defendants are "Suppliers" and "Persons" as defined by R.C. §1345.01(C) & (B).

37) Plaintiff's purchase of the boat is a "Consumer Transaction" as defined by R.C. §1345.01(A).

38) In connection with said transaction, Defendants committed unfair, deceptive and unconscionable acts and practices in violation of R.C. §1345.02 and R.C. §1345.03. *Said acts and practices include, but are not limited to, the following:*

39) Defendants representation that the boat contained a valid warranty, which would cause effective warranty repairs to be made within a reasonable time and within the warranty period, was untrue.

40) Defendants representation that the vehicle contained, as a remedy, an effective warranty, which would cause effective warranty repairs to be made within a reasonable time and within the warranty period, was false.

41) Defendants representation that the boat would have the natural benefits of being fit for its intended and ordinary purposes and merchantable was untrue.

42) Defendants representation that the boat was fit for ordinary purposes, was untrue.

43) Defendants representation that the boat was merchantable was untrue.

44) Defendants knowingly commited all of the above-referenced unfair, deceptive and unconscionable acts and practices.

CANNON, STERN, AVENI & LOIACONO CO., L.P.A.
Milburn Building, 41 E. Erie Street, Painesville, OH 44077-3983
TELEPHONE (440) 357-5537 or (440) 912-5233
FACSIMILE (440) 357-9234

CANNON, STERN, AVENI & LOIACONO CO., L.P.A.
Milburn Building, 41 E. Erie Street, Painesville OH 44077-3983
TELEPHONE (440) 357-5537 or (440) 942-5232
FACSIMILE (440) 357-9234

## *ACTS DECLARED UNFAIR, DECEPTIVE OR UNCONSCIONABLE BY ATTORNEY GENERAL RULES*

45) In connection with said transaction, Defendants committed acts and practices that have been declared to be unfair, deceptive or unconscionable by rules adopted pursuant to R.C. §1345.05(B)(2).

46) Said acts and practices were committed after such rules were made available for public inspection pursuant to R.C. §1345.05(A)(3).

*Said acts and practices include, but are not limited to, the following:*

47) Defendants never disclosed any defects in connection with the sale of the boat as required by O.A.C. 109:4-3-16(B)(14).

48) Defendants knowingly committed all of the above-referenced unfair, deceptive and unconscionable acts and practices.

## ACTS DECLARED UNFAIR, DECEPTIVE OR UNCONSCIONABLE BY OHIO COURTS

49) In connection with said transaction, Defendants committed acts and practices that have been declared violations of R.C. §1345.02 and/or R.C. §1345.03 by Courts of the State of Ohio.

50) Said acts and practices were committed after such court decisions were made available for public inspection pursuant to R.C. §1345.05(A)(3). *Said acts and practices include, but are not limited to, the following:*

51) Defendants, who had a legal obligation to Plaintiff under the written warranty, breached, avoided and/or attempted to avoid its obligations to Plaintiff.

52) Defendants failed to honor its implied warranty of merchantability.

CANNON, STERN, AVENI & LOIACONO CO., L.P.A.
Milburn Building, 41 E. Erie Street, Painesville, OH 44077-3983
TELEPHONE (440) 357-5557 or (440) 942-5232
FACSIMILE (440) 357-9234

**JURY DEMAND**

A trial by jury in the within action is hereby demanded on all issues except the determination of reasonable attorney fees and costs and the determination of which damages shall be trebled, which are reserved for determination by the Court in the event that Plaintiff prevails at a trial on the merits.

Timothy P. Cannon
James D. Falvey
Attorneys for Plaintiff

Malkamaki, Matt - Complaint (Sea Kay)

SOLD TO: 5423 [illegible]

FIRST | MIDDLE I. | LAST | HM. PHONE | BUS. PHONE

ADDRESS: 1904 MENTOR AVE PAINESVILLE, OH 1904 MENTOR AVE [illegible] NEW ☐ USED ☐

[illegible]

| | YEAR | MANUFACTURER | MODEL | SERIAL NO. | STOCK NO |
|---|---|---|---|---|---|
| BOAT / MOTOR / TRAILER | 200[illegible] | SEA RAY<br>CATERPILLAR | [illegible]<br>3[illegible] | [illegible]<br>[illegible] 1JP03553 | [illegible] |

| --- STANDARD EQUIPMENT --- | --- OPTIONAL EQUIPMENT --- | --- DEALER INSTALLED OPTIONS --- |
|---|---|---|
| [illegible] SEA RAY STANDARD EQUIPMENT HIGHLIGHTS<br>Meets Applicable USCG & ABYC Std<br>NMMA Yacht Certification<br>Pressure Water System<br>Freshwater Washdown & Dockside Inlet w/Cockpit Shower<br>Air Conditioning/Heating<br>Steering, Wood-Accent, Tilt & Hydraulic - Power Assisted<br>Spotlight w/Dual Halogen Bulbs Remote Controlled (ACR)<br>Mstr & Fwd SR TV/VCR/Radio Combo<br>Refrigerator/Freezer w/Icemaker<br>Microwave/Convection Oven, 120V<br>Coffeemaker, 120V (Spacemaker)<br>Television (Color), VCR w/Remote<br>Bar w/Corian Countertop, Glass, Bottle & Utensil Storage<br>Hardtop, Fiberglass w/SS Grab Rails, Overhead Lighting w/ Electronic Dimmer & Red Night Lighting<br>Carpet Liner, Snap-In<br>Windlass, Chain w/Foot Switches<br>Canvas: Aft, Front & Side Curtains, Hardtop Enclosure & Windshield Shades<br>Windshield Washer System<br>Horn, Air w/Accumulator Tank<br>Shore Power, Cablemaster<br>Raytheon Raydata: Depth Finder Speed/Sumlog, Water Temp.<br>Telephone/Intercom System w/Cell Phone Interface & Antenna | [illegible] Pkg #5 Flotation<br>Aurora Countertops<br>Interior - Sovereign Cherry<br>Carpet, Fabrics Upgrade<br>T-CATERPILLAR Inboards 3T-[illegible] PHP[illegible]<br>Air Conditioning/Heating - Cockpit<br>Bow Thruster<br>DSS Satellite TV System<br>DVD Player w/L 5.1D Surround Sound<br>Flooring, Tile - Head<br>15.0kW Westerbeke Generator<br>Propellers, Spare w/Holders (Pair)<br>Sun Pad, Forward Deck<br>Swim Platform, Hydraulic Marine Lift<br>Windlass Capstan<br>Flag Pole<br>B&G VHF and Quad<br>Robertson Autopilot AP-22<br>Furuno Radar 1942<br>Northstar GPS 952-Color<br>Hardtop Sunshade w/Aft Curtain | NAME ON TRANSOM<br>TWO YEAR MAI CARE<br>CHECK ALL SYSTEMS-NEW<br>FULL TANK OF FUEL<br>DEAL SUBJECT TO SURVEY OF 3800A<br>DEAL TO CLOSE IN FULL ON OR BEFORE [illegible]<br><br>ALL INCENTIVES APPLIED |

**DESCRIPTION OF TRADE-IN**

TRADE

| 1999 | SEA RAY | 3800A-D |
|---|---|---|

| | |
|---|---|
| TOTAL CASH DELIVERED PRICE | 808463.38 |
| LESS TRADE | 260000.00 |
| BALANCE | 548463.38 |
| PLUS TAXES (LAK) | 31536.54 |
| BALANCE | 580000.00 |
| REGISTRATION AND TITLE SERVICE | N/A |
| | |
| | |
| BALANCE | 580000.00 |
| LESS DEPOSIT ON ORDER | 580000.00 |
| PLUS TRADE-IN DEBT | N/A |
| BALANCE DUE | N/A |

BUYER IS SOLELY RESPONSIBLE FOR THE PAYMENT OF ALL APPLICABLE LOCAL, STATE AND/OR FEDERAL TAXES.

BUYER AGREES THAT THE BALANCE DUE ON DELIVERY WILL BE PAID BY CASH, CASHIER'S CHECK OR A TIME SALE. IF A TIME SALE, THIS AGREEMENT IS NOT FINAL AND BINDING ON SELLER UNLESS (1) BUYER'S CREDIT HAS BEEN APPROVED BY A BANK OR FINANCE COMPANY THAT AGREES TO PURCHASE A RETAIL INSTALLMENT CONTRACT BASED UPON THIS AGREEMENT, (2) APPROPRIATE FINANCING DISCLOSURES ARE MADE AND (3) BUYER HAS EXECUTED A RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT.

THIS AGREEMENT IS NOT FINAL AND BINDING ON SELLER UNLESS APPROVED AND SIGNED BY A MANAGER OF SELLER.

*FINAL PAYMENT BY CASHIER'S CHECK.*

BUYER ACKNOWLEDGES RECEIVING A FULLY COMPLETED COPY OF THIS AGREEMENT. BUYER ACKNOWLEDGES READING AND UNDERSTANDING ALL OF THE TERMS AND CONDITIONS IN THIS AGREEMENT, INCLUDING THE TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS AGREEMENT.

SEE THE REVERSE SIDE OF THIS AGREEMENT FOR IMPORTANT INFORMATION REGARDING LIMITATIONS OF WARRANTIES.

DELIVERED BY: ______________________

FOR SELLER: ______________________
SALES CONSULTANT

APPROVED: ______________________
MANAGER

SIGNED X [signature]
BUYER

SIGNED X ______________________
BUYER

EXHIBIT "A"

WHITE — FILE; YELLOW — BUYER; PINK — SALES CONSULTANT

[illegible]

DISCLAIMER OF WARRANTIES. THE BOAT, MOTOR [illegible] BEING PURCHASED PURSUANT TO THIS AGREEMENT ARE SOLD BY [illegible] SELLER MAKES NO WARRANTIES ON ITS OWN BEHALF, EXPRESS OR [illegible] THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. [illegible] warranty [illegible] in connection with [illegible] contract in connection with this sale or within 90 days of sale, such implied warranties shall be limited in duration to the [illegible] Seller's [illegible] LIABLE FOR ANY [illegible] OR IMPLIED [illegible] OTHERWISE [illegible]

[illegible] DELIVERY. [illegible] manufacturer [illegible] delay caused by [illegible] the boat, motor and/or accessories [illegible] such boat, motor, and/or accessories are ultimately [illegible] Buyer agrees to take delivery of the boat, motor and/or accessories from Seller, and to pay the balance of the purchase price within ten days of receiving such notice. The boat, motor and accessories purchased pursuant to this Agreement are delivered F.O.B. at Seller's location designated on the front side of this Agreement. Delivery of the boat, motor and/or accessories being purchased pursuant to this Agreement is subject to payment in full of the balance due.

3. BUYER'S FAILURE; LIQUIDATED DAMAGES. If Buyer fails to take delivery and pay the full balance due within said ten [illegible] then Buyer agrees to pay Seller interest on the balance due at the lesser of eighteen percent per annum or the maximum [illegible] permitted by applicable law [illegible] storage charge, until Buyer pays the balance of the purchase price. Alternatively, Seller [illegible] the right to cancel this Agreement without further notice to Buyer. In the event of such cancellation, Buyer shall thereupon become indebted to Seller in an amount equal to all sums received by Seller as deposits, and that Seller may retain said deposits as and for liquidated damages within the meaning of section 2-718 of the Uniform Commercial Code. Buyer agrees that the amount of such liquidated damages is reasonable in light of the anticipated or actual harm caused by failure, the difficulty of proof of loss, and the inconvenience or [illegible] feasibility of [illegible] adequate remedy.

4. TRADE-IN. Buyer [illegible] the boat, motor and/or accessories [illegible] if any, are subject [illegible] this Agreement [illegible] the boat [illegible] further agrees that such [illegible] motor and/or accessories [illegible] pursuant to the provisions of said paragraph. Buyer warrants that any traded in boat, motor and/or accessories are owned solely by Buyer, free and clear of all liens [illegible]

6. PRIOR USE. Buyer acknowledges that a new boat being purchased pursuant to this Agreement may have hours of use prior to delivery to Buyer. This use may be the result of pretesting of the boat by the manufacturer, Seller, or potential buyers, as well as on-water transportation of the boat to the delivery site.

7. MODEL OR DESIGN CHANGES. Buyer understands that the manufacturer retains the right to make changes in the model or design of its new boats [illegible] accessories [illegible] Buyer agrees that [illegible] not obligate either Seller or the manufacturer to make corresponding changes in the particular boat, motor, and/or accessories covered by this Agreement, either before or after the delivery thereof to Buyer.

8. ENTIRE AGREEMENT. This Agreement constitutes the entire agreement between the parties and no other verbal, written or printed representations, [illegible] are incorporated into this Agreement, unless in writing and signed by both parties. This Agreement supercedes any prior Purchase Agreement between Buyer and Seller for the purchase of a boat, motor and/or accessories that has not been [illegible] Agreement. Seller disclaims any representations or statements by any agents, employees or representatives, whether verbal or written, and Buyer has not relied on any such representations or statements.

9. ATTORNEYS' FEES. [illegible] Seller to employ an attorney to enforce any of the terms of this Agreement or to defend any lawsuit arising out of this Agreement, then Buyer shall pay [illegible] costs, including reasonable attorney fees whether incurred at trial, appellate or bankruptcy court proceedings [illegible] expense and [illegible]

10. GOVERNING LAW. THE PARTIES AGREE THAT THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE IN WHICH SELLER'S LOCATION DESIGNATED ON THE FRONT SIDE OF THIS ORDER IS SITUATED.

11. ASSIGNMENT. This Agreement may not be assigned by the Buyer without the express written consent of the Seller.

Multi-State Sales Order [illegible]

EXHIBIT "A"